

LEGAL MAIL PROVIDED TO
FLORIDA STATE PRISON
ON

MAR 12 2014

FOR MAILING
INMATES INITIALS

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

ANDREW L. WILLIAMS,
     Plaintiff Pro Se

vs.

KYLE KNIGHT, et al,
     Defendants

CASE NO.   3:14-CV-00151-TJC-JRK

AMENDED CIVIL COMPLAINT

(Jury Trial Demanded)

COMPLAINT

I.

JURISDICTION

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. § 1331 and § 1343. Plaintiff seeks declaratory judgment pursuant to 28 U.S.C. § 2201, as well as injunctive relief and money damages.

II.

SUMMARY OF CASE

I am alleging that defendants retaliated against me for filing grievances against prison staff and that the retaliation took the form of false misconduct reports, assault, battery and sexual assault, in violation of the U.S. Constitution 1st Amendment to Free Speech and right to petition the government for redress of grievances; the 8th Amendments prohibition against Cruel and Unusual Punishment; and the 14th Amendments right to Due Process. I am seeking declaratory, injunctive relief and monetary damages.

1

## III.
## PARTIES

(1) Plaintiff, Andrew L. Williams, is a Florida Department of Corrections (FDOC) prisoner, housed at the Florida State Prison (FSP) located at 7819 NW 228th Street, Raiford, FL, 32026. At all times alleged I was in the custody and control of the defendants.

(2) Defendant Kyle Knight is a Unit Supervising Sargent at FSP and was acting under the color of law in that position at all times alleged. Defendant Knight is being sued in his official and individual capacity.

(3) Defendant Gina D. Gay is a Classification Officer and Prison Rape Elimination Act (PREA) Coordinator at FSP and was acting under the color of law in that position at all times alleged. Defendant Gay is being sued in her official and individual capacity.

(4) Defendant Kara L. Lemire is a Supervising Lieutenant (Lt.) at FSP and was acting under the color of law in that position at all times alleged. Defendant Lemire is being sued in her official and individual capacity.

(5) Defendant David W. Worthington is a Classification Officer at FSP and was acting under the color of law in that position at all times alleged. Defendant Worthington is sued in his individual and official capacity.

(6) Defendant Matthew S. Handley is a Supervising Lieutenant (Lt.) at FSP and was acting under the color of law in that position at all times alleged. Defendant Handley n is sued in his individual and official capacity.

(7) Defendant K.S. Jackson is a Classification Officer at FSP and was acting under the color of law at all times alleged. Defendant Jackson is sued in his individual and official capacity.

(8) Defendant Gregory S. Anders is a Supervising Lieutenant at FSP and was acting under the color of law in that position at all times alleged. Defendant Anders is sued in his individual and official capacity.

(9) Defendant Hodges is a Correctional Officer at FSP and was acting under the color of law in that position at all times alleged. Defendant Hodges is sued in his individual and official capacity.

(10) Defendant Randall E. Scoggins is a Classification Officer at FSP and was acting under the color of law in that position at all times alleged. Defendant Scoggins is sued in his individual and official capacity.

(11) Defendant Martin C. Sanders is a Supervising Lieutenant at FSP and was acting under the color of law in that position at all times alleged. Defendant Sanders is sued in his individual and official capacity.

(12) Defendant Marvin L. Griffis II is a Classification Officer at FSP and was acting under the color of law in that position at all times alleged. Defendant Griffis II is sued in his individual and official capacity.

(13) Defendant John Palmer is the Warden at FSP and was acting under the color of law in that position at all times alleged. Defendant Palmer is sued in his individual and official capacity.

(14) Defendant M. Vickers is an Assistant and Designee of the FSP Warden and was acting under the color of law in that position at

all times alleged. Defendant Vickers is sued in his individual and official capacity.

(15) Defendant C. Neel is the FDOC Bureau of Inmate Grievance Appeals and was acting under the color of law in that position at all times alleged. Defendant Neel is sued in his individual and official capacity.

IV.

STATEMENT OF FACTS

(A) FIRST INCIDENT OF RETALIATION

(1) On September 1, 2013 during breakfast meal at the Florida State Prison (FSP) while I was being housed on Close Management (CM) Level II status on M-wing, cell 1208, the unit orderly serving the breakfast meal knocked a biscuit off of my tray. I notified the officer closing the food ports and requested a biscuit. He ignored me and moved on.

(2) When trays were being picked up I informed defendant Sergeant (Sgt.) Knight about the biscuit incident and asked if I could get another one. Defendant Knight responded: "Eat my dick fuck boy, Pretend that's your biscuit."

(3) At approximately 10:30 am during cell clean-up I again asked defendant Knight about my biscuit. Defendant Knight responded, "If you suck my dick I'll think about giving you a biscuit, if not, get off the door and shut up!"

(4) During Defendant Knights shift, each time he walked past my cell he would make sexual comments toward me.

(5) When lunch was being served I asked Defendant Knight if he would contact a "white shirt" (a supervising Lt. or Capt.) for me to talk to about his sexual harassment, when he ignored me I informed him I was going to file a grievance on him.

(6) At approximately 12:15 pm defendant Knight came to my cell and stated, "So you're going to write me up? Is that what you're doing now?" I replied, "Yes."

5

(7) I exercised my protected right to petition the government for redress of grievances and filed one informal grievance to Warden Palmer about defendant Knights sexual harassment and misconduct. I expressed my fears that defendant Knight would retaliate against me for reporting his conduct and filing the grievances.

(8) I filed an emergency grievance as well through legal mail to the Secretary of the FDOC about defendant Knight and his sexual harassment and misconduct, and expressed my fears defendant Knight would retaliate against me for reporting his conduct and filing the grievances.

(9) On September 3, 2013 I received a misconduct report (hereafter DR No. 1) from Defendant Knight alleging I was yelling out of my window on September 1, 2013.

(10) I am alleging that this misconduct report is false and was issued in retaliation for my grievances reporting defendant Knight for his sexual harassment and misconduct.

(11) I am alleging that defendant Knight took this action in an effort to discourage me and chill future grievances against him for his sexual harassment and misconduct.

(12) I am alleging that defendant Knights retaliation did not reasonably advance a legitimate correctional goal.

(13) A reasonable official in defendant Knights position would have known sexually harassing a prisoner and then writing the prisoner a misconduct report for reporting the misconduct would infringe on a persons right to Free Speech and right to petition the government for the redress of grievances.

(14) Defendant Knight acted with malicious ill will and was

6

consciously indifferent to my health, safety and welfare.

(9) I exhausted all administrative remedies made available to me.

(B) DENIAL OF DUE PROCESS FOR DISCIPLINARY REPORT NO. 1

(1) On September 3, 2013 I received a misconduct report (hereafter DR No. 1) from defendant Knight for allegedly yelling out of my window on September 1, 2013.

(2) I reallege all facts and allegations previously set out in the Statement of Facts, Section (A) paragraphs #9 through 14, and incorporated fully here by mention.

(3) During the investigation phase of the misconduct proceedings for DR No. 1, I put on my witness statement that I believed the misconduct to be false and in retaliation for me filing the grievances on defendant Knight for his sexual harassment.

(4) As evidence I requested the audio recording to be produce for the unit I was housed on which would show I was not shouting out my window.

(5) On September 5, 2013 I received another misconduct report from defendant Knight alleging I said, "Dont worry about me Sarge, you need to take your George Zimmerman looking ass back to C wing". (DR No. 2)

(6) I am alleging that this misconduct report is false and was issued in retaliation for my grievances reporting defendant Knight for his sexual harassment and misconduct.

(7) On September 6, 2013 a DR hearing was held for DR No. 1 by defendants Gay and defendant Lemire.

(8) At the hearing for DR No. 1 I pled Not Guilty and informed defendant Gay and Lemire that the misconduct report was false and in retaliation for writing grievances on defendant Knight

8

for sexual harassment and misconduct.

(9) I showed both the defendants DR No.1 and DR No.2. I pointed out I had requested the audio because the audio recording microphone is in front of my cell and above my cell door (cell M-12c8) and would have recorded everything.

(10) The defendants subsequently found me guilty of the misconduct without any evidence against me except defendant Knights statement and without reviewing the audio recordings I had called as evidence or investigating my claim of retaliation.

(11) I was sentenced to 20 days disciplinary Confinement (DC)

(12) The Finding of Facts for the misconduct hearing was received by me on September 6, 2013. The Finding of Facts stated I was found guilty based solely on defendant Knights statement. No other evidence was reviewed or considered.

(13) I am alleging that I was denied Due Process when defendants Gay and Lemire refused to consider the audio recording from the microphone. Had they done so it would have proved I was not yelling out my window and substantiated my claim the misconduct report was in retaliation.

(14) I am alleging further that defendant Gay was a biased and partial hearing officer because she was also the Prison Rape Elimination Act (PREA) investigator tasked with reviewing my claims of sexual harassment by defendant Knight. By acting as a hearings officer she prejudiced the hearing and any possible PREA investigation by finding me guilty and refusing to consider my claims of sexual harassment by defendant Knight.

(15) A reasonable official in defendants Gay and Lemire position

would have known they were required to consider all evidence submitted to prove innocence in a DR hearing and that by refusing to consider evidence without explanation would infringe on a prisoners Due Process rights.

(16) A reasonable official in defendant Gays position would have known that she had a duty to investigate allegations of retaliation for sexual harassment and to consider that evidence and/or to remove herself from the hearing panel, as a refusal to do either would infringe on a prisoners Due Process rights.

(17) I am alleging that Defendant LeMare and Gay acted with deliberate indifference and their actions caused me an Atypical and Significant Hardship

(18) I exhausted all administrative remedies made available to me.

<u>(C) ASSAULT/RETALIATION CRUEL AND UNUSUAL PUNISHMENT</u>

(1) I reallege all facts previously set out in the Statement of Facts, Sections (A) and (B) as if fully set out here by mention.

(2) After being found Guilty in the DR hearing for DR No. 1 on September 6, 2013 at approximitely 3 to 5 pm a Supervising Lt. came to my cell (M-1208). He showed me the grievance I had filed on Defendant Knight and asked if I wrote it. I responded, "Yes". Without further comment he walked away.

(3) On September 9, 2013 I was moved from M-1208 to C wing, which is defendant Knights wing. Officials were aware before moving me of the claims I filed against defendant Knight and my fear of further retaliation and harassment.

(4) Upon entering C-wing defendant Knight stated, "There's my Girlfriend, welcome to my world."

(5) Defendant Knight then escorted me to Cell C-1114, all the while say in a menacing tone, "Why'd you put me on PREA".

(6) Once in the cell defendant Knight told me to kneel on my bunk. When I complied, he began to remove the leg restraints, waist chain and black box. He then pushed me into the wall hard and struck my head and face against it. He then began punching me in the face, chest and stomach while menacingly saying, "Why'd you put me on PREA fuck boy? Im'ma give you something to write up!"

(7) Defendant Knight continued assaulting me and grabbed my genitals, twisting and pulling. I crossed my legs to stop him and he began punching and grabbing my butt.

(8) Defendant Knights conduct was excessive, unnecessary force which he did with ill will and evil intent with the intentions of causing physical pain, sexual abuse and in retaliation for filing grievances on him.

(9) When defendant Knight stopped assaulting me he walked out of my cell and said "Its not over." He left me hand cuffed.

(10) A few minutes later Lt. Musselman and other security personnel came to my cell (C-1114) and I explained what happened and called for staff abuse and sexual assault medical exam.

(11) I was than escorted to medical to be assessed for staff abuse and sexual assault. The assessment was conducted by Nurse Crawford, Nurse Graham and an unknown doctor whom documented injuries to the left side of my face and left front forehead including swelling.

(12) In spite of the injuries I was escorted back to the same unit and cell where I was assaulted and where defendant continued to work.

(13) I submitted an Emergency Grievance to the Secretary of the FDOC explaining the incident and my fears of further retaliation from defendant Knight, and being housed on his unit continued to expose me to further threats of harm and abuse.

(14) Defendant Knights assault and sexual assault was not done to reasonably advance a legitimate correctional goal and was done with deliberate indifference and ill will. A reasonable official in Defendant Knights position would have known that assaulting and sexually abusing a prisoner would infringe on a prisoners right to be free of Cruel and Unusual Punishment.

(D) CONTINUING RETALIATORY MISCONDUCT REPORTS

(1) I reallege all facts previously set out in the Statement of Facts, Section (C) as if fully set out here by mention.

(2) On September 10, 2013 defendant Knight again served me a misconduct report alleging on the day of his assault on me I had refused to stick my hands out the flap so he could remove the cuffs.

(3) This misconduct report is false and defendant Knight wrote the misconduct report (hereafter DR No. 3) in retaliation for filing grievances on him.

(4) A reasonable official in Defendant Knights position would have known writing a false misconduct report in retaliation for a person reporting his misconduct would infringe on a persons Free Speech and Right to petition the government for the redress of grievances.

(5) I exhausted all administrative remedies made available to me.

<u>(E) DENIAL OF DUE PROCESS FOR DISCIPLINARY REPORT NO. 2</u>

(1) On September 11, 2013 a misconduct hearing was held for DR No. 2 in which defendant Knight alleged I said, "Dont worry about me Sarge, you need to take your George Zimmerman looking ass back to C wing".

(2) I am alleging that this misconduct report is false and was issued in retaliation for my grievances reporting defendant Knight for his sexual harassment and misconduct.

(3) I informed the investigating officer of the retaliation and abuse and that the misconduct was false. I also clearly placed in my statement "I will not refuse to participate in the hearing".

(4) In spite of that the hearing was held without me present. Defendant Worthington and Handley were the hearings officers.

(5) Without being present I was denied the ability to present evidence, make a verbal recorded statement and to be meaningfully heard in my defense.

(6) Subsequently I was found guilty and sentenced to 30 days disciplinary confinement without any supporting evidence beyond defendant Knights statement.

(7) Reasonable officials in defendants Worthington and Handley position would have known denying a prisoner the opportunity to present evidence, make a verbal recorded statement and to be meaningfully heard would infringe on a prisoners right to Due Process.

<u>(F) DENIAL OF DUE PROCESS FOR DISCIPLINARY REPORT No. 3</u>

(1) I realloge all facts previously set out in the statement of Facts, Section (D) as if fully set out here by mention.

(2) On September 16, 2013 a misconduct hearing was held for DR No. 3 by defendants Jackson and Anders.

(3) At the hearing I pled Not Guilty and explained again about defendant Knights retaliation, assault and abuse, and explained the misconduct report was false.

(4) In my defense I had called the audio and video as evidence to support my innocence. Both defendant Jackson and Anders denied the request without explanation.

(5) I was subsequently found guilty without any evidence other than defendant Knights statement.

(6) Defendants Jackson and Anders denied me the ability to prove my innocence and to demonstrate the misconduct was false. Reasonable officials in defendants Jackson and Anders position would have known denying a prisoner the ability to present evidence in their defense would infringe on a prisoners Due Process right.

(7) I exhausted all administrative remedies made available to me.

15

## (6) CONTINUING RETALIATION

(1) On September 28, 2013 at approximately 8:20 am - 8:50 am defendant knight came to my cell (C-1114) and said," As you can see your grievances dont mean shit. This is my world. Pack your property youre moving up stairs to a gunning cell".

(2) A "gunning cell" is a cell used to house prisoners accused of sexual misconduct. "Gunning" is a reference to masterbating in front of staff.

(3) I asked defendant knight who I was allegedly "gunning" and he replied: " Really, nobody, but you know how it is. You write me up, I write you up. You know how the game goes. Back to CM 1". Then he walked off. As he walked away he said, "This is my world its only going to get worse. Youll break before I will."

(4) Because I feared defendant knight would use the move to a new cell as an opportunity to harm me, I refused to move without witnesses.

(5) When I refused to move Lt. Mussleman an unknown captain with a cell extraction team who had chemical agents and a hand held camera. To the best of my knowledge and belief I explained my situation to the use of force camera, the Lt. and captain.

(6) I was then moved without incident.

(7) Approximately 10:35 am - 11:55 am around lunch defendant Hodges was closing my food port and he stated,: "You wrote my sergeant up. I wrote you up, the only difference is mine'll hurt you more. You are going back to CM 1 and you're going to be on DC for awhile, which means you have to start over

16

again. As for yours, I don't even have to mention you see where sarge is."

(8) I told defendant Hodges I was going to write him up A.S.A.P.

(9) Defendant Hodges then said: "Fine, tell them I told you suck my dick and I'm gonna make your ass bleed. You got spared today. It wont always happen like that." He then walked off.

(10) I filed an emergency grievance on defendant Knight and Hodges alleging retaliation.

(11) On September 30, 2013 I received a misconduct report for Lewd and Lascivious exhibition stating he "discovered inmate Williams standing at his cell front window stroking his erect penis with his left hand while starring at nurse Wiesmeyer."

(12) I am alleging this misconduct is false and was wrote by defendant Hodges in retaliation for writing grievances on defendant Knight who is his friend, coworker on the unit and supervisor.

(13) A reasonable official in defendant Hodges position would have known writing a false misconduct report in retaliation for a prisoner filing grievances would infringe on a persons rights to free speech and right to petition the government for grievances.

(14) I exhausted all administrative remedies made available to me.

## (H) DENIAL OF DUE PROCESS FOR DISCIPLINARY REPORT No. 4

(1) I reallege all facts and allegations previously set out in the Statement of Facts, Section (G), as if fully set out here by mention.

(2) During the investigation phase of the misconduct report (hereafter DR No. 4) I again denied the allegations as false. I explained the situation with defendant Knight and the retaliation and staff abuse. I explained how there was no way that defendant Hodges from the 2nd floor could see what he alleged because of his position and the fact that he said I was standing at my cell front window.

(3) I called evidence such as a visual inspection of positions of me at my cell front window and the alleged position of defendant Hodges position as shown on the unit camera at the time specified in the report.

(4) On October 8, 2013 the misconduct report was rewritten for clarification and was served by defendant Knight to be investigated.

(5) I again denied the misconduct as false and repeated my statement and evidence request as recited in paragraph #2 above.

(6) On October 16, 2013 a misconduct hearing was held by defendants Scoggins and Sanders. None of the evidence I requested was presented in the hearing and defendant Knight did no investigation at all.

(7) I was subsequently found guilty by defendants Scoggins and Sanders without evidence except defendant Hodges statement and sentenced to 60 days Disciplinary Confinement and a loss

of 53 days "gain time".

(8) A Reasonable official in the position of defendant Knight would know refusing to investigate and gather evidence, as required by his job, to prove my innocence would infringe on my right to Due Process and infringe on my right to Free Speech and the right to petition the government for redress of grievances.

(9) A reasonable official in the positions of defendants Sanders and Scoggins would know refusing to investigate and to gather evidence and refusing to consider that evidence to prove my innocence would infringe on my right to Due Process.

(10) I exhausted all administrative remedies made available to me.

19

## (I) CONTINUING RETALIATION

(1) On November 8, 2013 defendant Knight wrote another misconduct report alleging I established a personal/business relationship with the sick call Nurse, Ms. Burgin. The misconduct report stated I told Nurse Burgin, " the only reason I signed up for sickcall was so that I could see you." (hereafter DR No. 5).

(2) I am alleging this misconduct report is false and was wrote in retaliation for filing grievances on defendant knight.

(3) I was subsequently found guilty and sentenced to 60 days disciplinary confinement.

(4) A reasonable official in the position of defendant knight would have known writing a false misconduct report in retaliation for a prisoner filing grievances against him would infringe on a persons right to free Speech and the right to petition the government for the redress of grievances.

(5) I exhausted all administrative remedies made available to me.

## (J) RETALIATION BY DENYING FOOD

(1) On November 28, 2013 at approximately 11:42 am defendant Knight was serving lunch trays. When he got to my cell he did not open my food port, but looked at me and asked: "Are you hungry? What are you thankful for?"

(2) When I did not respond defendant Knight said, "I'll buck you, you know I will. Fuck it, you wasn't gonna get it anyway!", then walked away without giving me my Thanksgiving meal provided to all prisoners.

(3) I am alleging the denial of the meal was a continuation of defendant Knights retaliation and abuse.

(4) A reasonable official in defendant Knights position would know the denial of a meal in retaliation for filing grievances would infringe on a persons right to Free Speech and the right to petition the government for the redress of grievances.

(5) I exhausted all administrative remedies made available to me.

21

## V.

### CAUSE OF ACTION

I am alleging the following causes of action:

### (A) CAUSE OF ACTION NO. 1 : RETALIATION

I AM ALLEGING THAT DEFENDANT KNIGHT AND HODGES
VIOLATED MY FIRST AMENDMENT RIGHT TO FREE
SPEECH AND RIGHT TO PETITION THE GOVERNMENT
FOR THE REDRESS OF GRIEVANCES UNDER THE U.S.
CONSTITUTION WHEN THEY RETALIATED AGAINST ME
BY WRITING FALSE MISCONDUCT REPORTS, ASSAULTING
AND SEXUALLY ABUSING ME, AND DENYING ME FOOD,
FOR WRITING GRIEVACES REPORTING THEIR
MISCONDUCT.

(1) I reallege all facts and allegations previously set out in section IV, STATEMENT OF FACTS, as if fully set out here by mention.

### (i) PERSONAL PARTICIPATION OF DEFENDANTS

(2) Defendant Knight personally participated in the violations. Defendant Knight personally filed false misconduct reports and had a meeting of the minds with defendant Hodges to file further file false misconduct reports, which defendant Hodges did.

(3) Defendant Knight personally physically and sexually assaulted me.

(4) Defendant Knight personally denied me food.

(5) The actions of defendants Knight and Hodges were done in retaliation and with ill will and deliberate indifference to cause me harm.

22

(6) Defendant Hodges personally participated in the violations. Defendant personally filed false misconduct reports and had a meeting of the minds with defendant Knight to file further false misconduct reports.

(7) As a result of defendants Knight and Hodges conduct I was given an early CM review and reduced from CM2 to the more restrictive CM1, had my visitation privileges suspended for 1 year, and was placed in Disciplinary Confinement isolation.

## (B) CAUSE OF ACTION NO. 2 : ASSAULT / SEXUAL ABUSE

I AM ALLEGING THAT DEFENDANTS VIOLATED MY RE EIGHTH AMENDMENT RIGHT OF THE U.S. CONSTITUTION TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT WHEN I WAS ASSAULTED AND SEXUALLY ABUSED BY DEFENDANT KNIGHT FOR FILING GRIEVANCES ON HIM AND DEFENDANTS FAILED TO AND/OR REFUSED TO PROTECT ME FROM CONTINUED RETALIATION AND ABUSE, FAILING TO INVESTIGATE AND REPORT DEFENDANT KNIGHTS ASSAULT AND ABUSES.

(1) I realleges all facts and allegations previously set out in Section IV, STATEMENT OF FACTS, section (A) through (C), as if fully set out here by mention.

### (i) PERSONAL PARTICIPATION OF DEFENDANTS

(2) Defendant Knight personally participated in the violation. He personally assaulted and sexually abused me in retaliation for filing grievances against him and did so with ill will and deliberate indifference to my safety, Health and well being.

(3) A reasonable official in defendant Knights position would have known assaulting and sexually abusing a prisoner would infringe on that prisoners right to be free of Cruel and unusual punishment.

(4) Defendant Knights assault was malicious and done with ill will and did not further a legitimate penological objective.

(5) As a result of defendant Knights assault I received a severly swollen face on the left side, sexual assault and had to receive

medical treatment for the physical injuries. In addition I have suffered constant and continuing harassment by defendant Knight causing fear, destruction of my mental stability, loss of memories, nightmares, heavy sweats in my sleep, mental anguish, anxiety, frustration, confusion and restlessness which has required intervention from psychiatric staff who diagnosed me with Post-traumatic Stress Disorder (PTSD) and placed me on medication which have side effects that further affect my physical health.

(6) Defendant Gay personally participated in the violation. She was the prisons P.R.E.A. Coordinator and was made aware of the sexual assault through grievances and the disciplinary hearings process. A reasonable official in defendant Gays position would have known she had a responsibility as PREA Coordinator to investigate claims of sexual assault, report them and a failure or refusal to do that would infringe on a persons right to be free from Cruel and Unusual Punishment.

(7) Rather than take action defendant Gay ignored the complaints. I submitted several requests seeking sexual harassment and sexual abuse counseling as well as defendant Gays assistance but received no responses. I submitted requests for the preservation of evidence which was denied.

(8) Defendants Palmer, M. Vickers and C. Neel personally participated. Each defendant was in a position to remedy the situation but took no action. They were made aware of the sexual assault several times through grievances and the disciplinary appeals processes. A reasonable official in their position would have known they had a responsibility to investigate claims of sexual assault, report it as required by PREA, and a failure or refusal to do so would infringe on a persons right to be free from Cruel and Unusual Punishment.

(9) Defendants Gay, Palmer, M. Vickers and C. Neal were in positions of authority to remedy the situation. Defendants were deliberately indifferent by continuing to house plaintiff near defendant Knight when they became aware of the assault allegations. Defendants could have, in the least, moved me to another wing pending an investigation and thereby reduced defendants Knight and Hodges access to me.

## (C) CAUSE OF ACTION NO. 3: DUE PROCESS

I AM ALLEGING THAT DEFENDANTS VIOLATED MY FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF THE U.S. CONSTITUTION WHEN THEY FOUND ME GUILTY OF DISCIPLINARY MISCONDUCT REPORTS THAT WERE FALSE, FAILED TO AND REFUSED TO INVESTIGATE DEFENSES, REFUSED TO CONSIDER EVIDENCE, AND PERMITTED DEFENDANT KNIGHT TO INVESTIGATE MISCONDUCT REPORTS AND DID NOT PERMIT ME AN IMPARTIAL HEARING PANEL.

(1) I reallege all facts and allegations previously set out in Section IV, STATEMENT OF FACTS, as if fully set out here by mention.

(2) I allege the act of writing a false misconduct report in and of itself denies me Due Process.

(3) As a result of the false misconduct reports I spent more than 88 days in disciplinary confinement, had my visiting privileges suspended for one (1) year, had my canteen privileges suspended, had my phone privileges suspended, had my yard privileges suspended, was subject to a loss of 53 days "gain time" and was demoted from CM2 to CM1 (a more restrictive level) which required me to be housed in solitary confinement even longer and subjecting me to an atypical and significant hardship.

## VI.

### RELIEF REQUESTED

I respectfully request this court to grant the following relief:

### (A) DECLARATORY

(1) Make a declaration that Defendant Knight and Hodges violated my First Amendment Right to Free Speech and Right to petition the government for the redress of grievances under the U.S. Constitution when they retaliated against me when they wrote false misconduct reports, assaulted and sexually abused me, denied me food, for writing grievances on their misconduct;

(2) Make a declaration that defendants violated my EIGHTH AMENDMENT right of the U.S. Constitution to be free of Cruel and Unusual Punishment when I was assaulted and sexually abused by defendant Knight for filing grievances on him, and that defendants failed to and/or refused to protect me from continuing retaliation and abuse, failing to Investigate and report defendant Knights assault and abuses;

(3) Make a declaration that defendants violated my Fourteenth Amendment right to Due Process of the U.S. Constitution when they found me guilty of Disciplinary misconduct reports that were false, failed to and refused to consider or investigate evidence, permitted defendant knight to investigate misconduct reports and did not permit me an impartial hearing panel;

28

## (B) INJUNCTIVE

I respectfully request this court to grant the following injunctive relief against the defendants, their agents, employees, and/or successors:

(1) to vacate and expunge from my disciplinary record the misconduct reports written by defendants Knight and Hodges;

(2) to restore the 53 days of lost "gain time";

(3) Properly document and report defendant Knight to the applicable law enforcement authorities for his sexual assault;

(4) Immediately provide sexual abuse counseling and all assistance required by PREA;

(5) No longer house me around defendants Hodges and Knight;

(6) Order any other injunctive relief this court deems just and appropriate;

(c) COMPENSATORY RELIEF

(1) Grant plaintiff compensatory damage in the amount of $50,000 jointly and severally against Defendants Knight and Hodges for Cause of Action No. 1;

(2) Grant plaintiff compensatory damages in the amount of $50,000 jointly and severally for Cause of Action No. 2 against Defendants Knight, Gay, Palmer, Vickers and Neel;

(3) Grant plaintiff compensatory damages in the amount of $150 a day for the 88 days plaintiff spent in disciplinary confinement on false misconduct charges for Cause of Action No. 3 against Defendants Knight and Hodges;

(D) PUNITIVE

(1) Grant plaintiff punitive damages in the amount of $50,000 for Cause of Action No. 1 through No. 3 against Defendants Knight, Hodges, Gay, Palmer, Vickers and Neel

**(B) OTHER**

(1) Award me reasonable fee's, expert witness fee's, and other litigation expenses under 42 U.S.C.A. § 1988 and 42 U.S.C.A. § 1983;

(2) Award me such other equitable remedies, including restitution, necessary to provide plaintiff ~~which~~ with full relief from Defendants' unlawful conduct;

(3) Retain jurisdiction to insure that defendants fully comply with any equitable relief ordered; and

(4) Any additional relief this Honorable Court deems just and proper.

Dated this 12 day of March, 2014.

LEGAL MAIL PROVIDED TO
FLORIDA STATE PRISON
ON
MAR 12 2014
FOR MAILING
INMATES INITIALS _____

Respectfully submitted by

Andrew Williams

Andrew L. Williams
Plaintiff Pro Se

### DECLARATION

I, Andrew L. Williams, am the Pro Se plaintiff in the above titled action. I swear under the penalty of perjury I have read the facts alleged herein and they are true and correct to the best of my knowledge and belief.

Dated this 12 day of March, 2014

Andrew Williams

31

Andrew Williams
Plaintiff Pro Se